Taft, J.,
concurring. I cannot agree with the majority opinion to the extent that it suggests the conclusion that “illegitimate stepchildren” are described by the word “stepchildren” in Section 2105.06, Revised Code. Although such a conclusion leads in the instant case to a judgment with which I am in agreement, it would also require a determination that, where a man who is the father of an illegitimate child marries a woman other *321 than that child’s mother, that illegitimate child becomes the stepchild of the mother. In my opinion, the judgment in the instant case need not and should not be based upon a conclusion that will necessarily lead to such a determination. Section 2105.17, Eevised Code (formerly Section 10503-14, General Code), which is in the Eevised Code, as it was in the General Code, found in the same chapter entitled “Descent and Distribution” as is Section 2105.06, Eevised Code (formerly Section 10503-4, General Code), reads:
“Bastards shall be capable of inheriting or transmitting inheritance from and to the mother, and from and to those from whom she may inherit or to whom she may transmit inheritance, as if born in lawful wedlock.” (Emphasis added.)
It is conceded that, so far as rights of inheritance under our statutes of descent and distribution are concerned, those statutory words in effect make a bastard the legitimate child of his mother. Where a man marries a woman, her legitimate children become his stepchildren; and hence, under our statutes of descent and distribution, her bastard child, who is by those statutes in effect made her legitimate child, becomes his stepchild. There is no comparable statute which in effect makes the bastard child of a man his legitimate child.